Samir F. Aarab
Caitlin Boland Aarab
BOLAND AARAB PLLP
11 Fifth Street N, Suite 207
Great Falls, MT 59401
Telephone: (406) 315-3737
sfaarab@bolandaarab.com
cbaarab@bolandaarab.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
GREAT FALLS DIVISION**

| | |
|---|---|
| THE ESTATE OF MICHAEL LEE ALEXANDER, JR. (Anthony Gallagher, Personal Representative), | Cause No.  CV-22-95-GF-BMM-JTJ |
| Plaintiff, | **COMPLAINT & DEMAND FOR JURY TRIAL** |
| vs. | |
| JESSE SLAUGHTER, CASCADE COUNTY, and JOHN DOES A–Z, | |
| Defendants. | |

The Plaintiff, the Estate of Michael Lee Alexander, Jr., by and through Anthony Gallagher, Personal Representative, demands a jury trial and alleges as follows:

1

## JURISDICTION AND VENUE

1.     This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1988.

2.     This Court has supplemental jurisdiction over all related claims arising under state law pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District and division pursuant to 18 U.S.C. § 1391(b)(2) and LR 1.2(c)(3) because "a substantial part of the events or omissions giving rise to the claim occurred" at the Cascade County Detention Center, in Cascade County, Montana.

## PARTIES

4.     Plaintiff Anthony Gallagher is a citizen of the State of Montana and a current resident of Great Falls, Montana. He is the Personal Representative of the Estate of Michael Lee Alexander, Jr.

5.     At the time of the acts complained of herein, Michael Lee Alexander, Jr. was a pretrial detainee at the Cascade County Detention Center located in Cascade County, Montana.

6.     Defendant Jesse Slaughter is the Cascade County Sheriff. Upon information and belief he is a citizen of the State of Montana and

2

a current resident of Great Falls, Montana. In his official capacity he is tasked by statute with "tak[ing] charge of and keep[ing] the detention center and the inmates in the detention center." Mont. Code Ann. § 7-32-2121(7).

7.     Defendant Cascade County has the statutory authority "to cause a detention center to be erected, furnished, maintained, and operated" for "the confinement of lawfully committed persons." Mont. Code Ann. § 7-32-2201(4). The detention center it maintains pursuant to this authority is the Cascade County Detention Center, where Michael Lee Alexander, Jr. was detained pretrial.

8.     Defendants John Does A–Z are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

3

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.     On April 16, 2021, when he was 20 years old, Michael Lee Alexander, Jr. was cited for Partner or Family Member Assault, a misdemeanor in violation of Mont. Code Ann. § 45-5-206(1)(a). It was alleged that he slapped his mother during an argument. He was arrested and transported to the Cascade County Detention Center.

10.    At his initial appearance in Great Falls Municipal Court on April 19, 2021, his bond was set at $385, and a trial was set for June 24, 2021.

11.    Michael Lee Alexander, Jr. could not afford to post bond, so he remained in pretrial detention at the Cascade County Detention Center.

12.    During his pretrial detention, Michael Lee Alexander, Jr. exhibited behavior indicative of mental health distress and expressed suicidal ideation. He was placed on "suicide watch" for a time. He was then "cleared" from "suicide watch" by a mental health professional but was housed in the T-Cells.

13.     T-Cells are single-person cells attached to the booking area at the Cascade County Detention Center. T-Cells are used to house the

mentally ill or detainees who cannot be in general population for their own safety. Each cell in T-block has a large window that looks out onto an inmate common area. Detention officers are trained to conduct "walkthroughs" of the T-Cells every half hour to ensure the safety of the inmates.

14.    Michael Lee Alexander, Jr. was housed in T-Cell 4 because of his deteriorating mental health status. He had been making hallucinatory statements, such as claiming that his family was locked in the basement and being tortured. He had also been urinating under his cell door.

15.    Fellow inmates had been advised by detention officers to stay away from T-Cell 4 because Michael Lee Alexander, Jr. was prone to becoming agitated. He would scream, punch the cell door, and try to throw urine at passersby. He was served meals on Styrofoam trays rather than plastic trays so that if he threw his tray, it would not hurt anyone.

16.    On June 17, 2021, Michael Lee Alexander, Jr. was overheard by fellow inmates resisting his medication. He then said loudly enough

for a nearby fellow inmate to hear, "Why don't you just kill me now? I
don't want to live anymore."

17.    At approximately 5:30 p.m. that afternoon, detention officer
Bailey Kuykendall performed a visual check on Michael Lee Alexander,
Jr., who was alone in T-Cell 4. No further checks were performed by
detention staff until approximately 8:30 p.m.

18.    At 6:03 p.m. an inmate named Gregory Carpenter had a
brief conversation with Michael Lee Alexander, Jr. During that
conversation, Carpenter saw torn clothing in Michael Lee Alexander,
Jr.'s cell.

19.    At 8:38 p.m. detention officer RJ Burkhead began a
walkthrough of the T-Cells. When he walked past T-Cell 4, he saw
through the window Michael Lee Alexander, Jr. hanging from a piece of
torn orange clothing tied to an exposed sprinkler head in the ceiling of
his cell.

20.    Detention officer Burkhead called a medical code over the
radio, opened the cell door, and asked inmates in the common area to
help him. Two inmates, Erick Holloway and Tyler Harding, rushed in to

6

lift Michael Lee Alexander, Jr.'s body so detention officer Burkhead could untie the knot around his neck.

21.     Other detention officers arrived and performed CPR until EMS arrived. EMS attempted unsuccessfully to resuscitate Michael Lee Alexander, Jr.

22.     Later that evening, his body was referred to Dr. Walter Kemp, a forensic pathologist. Dr. Kemp performed an autopsy and concluded that Michael Lee Alexander, Jr.'s manner of death was suicide, and his cause of death was hanging.

## COUNT I
### 42 U.S.C. § 1983 — INDIVIDUAL LIABILITY

23.     Plaintiff incorporates all prior paragraphs as if fully restated here.

24.     At all relevant times, individual Defendants acted under the color of law, statutes, ordinances, rules, regulations, customs, policies and/or practices of the State of Montana

25.     At all relevant times, individual Defendants acted within the course and scope of their employment and/or within the authority conferred upon them by Defendant Cascade County.

7

26.    While acting under the color of state law, individual Defendants subjected Michael Lee Alexander, Jr. to deprivation of rights, privileges, or immunities secured by the Fourteenth Amendment to the United States Constitution, namely that individual Defendants failed to conduct sufficiently frequent direct-view safety checks, and individual Defendants created a substantial risk of serious harm by inadequately staffing the Cascade County Detention Center, and that individual Defendants chose a course of treatment that was objectively inadequate under all of the circumstances, in conscious disregard of an excessive risk to his health.

27.    Individual Defendants were aware of the substantial risk to Michael Lee Alexander, Jr. of failing to conduct sufficiently frequent direct-view safety checks yet they failed to take reasonable measures to mitigate the substantial risk to Michael Lee Alexander, Jr.

28.    Individual Defendants were aware of the substantial risk to Michael Lee Alexander, Jr. of inadequately staffing the Cascade County Detention Center and yet they failed to take reasonable measures to mitigate the substantial risk to Michael Lee Alexander, Jr.

29.     Individual Defendants were aware of the substantial risk to Michael Lee Alexander, Jr. of imposing an objectively inadequate course of treatment and yet they failed to take reasonable measures to mitigate the substantial risk to Michael Lee Alexander, Jr.

30.     The acts or omissions complained of in this Count directly and proximately caused or contributed Michael Lee Alexander, Jr.'s constitutional deprivations, injuries, and damages.

## COUNT II
## 42 U.S.C. § 1983 — ENTITY LIABILITY

31.     Plaintiff incorporates all prior paragraphs as if fully restated here.

32.     Defendant Cascade County is responsible for the safety of inmates at the Cascade County Detention Center, with final policy-making authority over the Cascade County Detention Center and the individual Defendants.

33.     Defendant Cascade County established policies, customs, procedures, and practices that caused the violation of Michael Lee Alexander Jr.'s rights under the United States Constitution.

34.    Defendant Cascade County had a custom and practice of failing to perform sufficiently frequent direct-view safety checks of inmates.

35.    Defendant Cascade County failed to train and supervise its employees with respect to protection of inmates in their custody.

36.    The policies, customs and practices implicitly or explicitly adopted by Defendant Cascade County amounted to deliberate indifference to and conscious disregard of Michael Lee Alexander Jr.'s constitutional rights and ratification of violations of those rights.

37.    Defendant Cascade County through its policies, ordinances, regulations, customs, official decisions, and failure to train or supervise ratified its officers' and employees' intentional disregard for Michael Lee Alexander Jr.'s constitutional rights.

38.    The acts or omissions complained of in this Count directly and proximately caused or contributed Michael Lee Alexander, Jr.'s constitutional deprivations, injuries, and damages.

## COUNT III
## MONTANA CONSTITUTIONAL RIGHTS

39.    Plaintiff incorporates all prior paragraphs as if fully restated here.

40.     Pursuant to the Montana Constitution, Michael Lee Alexander, Jr. had fundamental, inalienable, and self-executing rights to personal dignity, to be secure in his person, papers, home and effects, to be free from cruel and unusual punishment, and not to be deprived of life, liberty, or property without due process of law.

41.     Defendants' acts and omissions in failing to conduct sufficiently frequent direct-view safety checks, inadequately staffing the Cascade County Detention Center, imposing an objectively inadequate course of treatment, and failing to train and supervise detention staff with respect to protection of inmates in their custody violated Michael Lee Alexander, Jr.'s Montana State constitutional rights.

42.     The acts or omissions complained of in this Count directly and proximately caused or contributed Michael Lee Alexander, Jr.'s constitutional deprivations, injuries, and damages.

## COUNT IV
## NEGLIGENCE

43.     Plaintiff incorporates all prior paragraphs as if fully restated here.

11

44.    At all times pertinent to this Complaint, Defendants were subject to a duty of care under state and federal law to protect Michael Lee Alexander, Jr.'s constitutional, statutory and common law rights.

45.    Defendants breached the applicable standards of care, including negligent training and supervision of their employees, negligent enactment, enforcement and violation of policies and procedures, negligent violation of Michael Lee Alexander, Jr.'s constitutional, statutory and common law rights, and negligent performance of official duties.

46.    Defendants' conduct caused damage to Michael Lee Alexander, Jr. and his family.

## COUNT V
## WRONGFUL DEATH

47.    Plaintiff incorporates all prior paragraphs as if fully restated here.

48.    As a direct and proximate cause of the acts and omissions of the Defendants, Michael Lee Alexander, Jr. died and his family suffered grief, sorrow, mental anguish, loss of comfort and society, and loss of financial support.

## COUNT V
## SURVIVORSHIP

49.    Plaintiff incorporates all prior paragraphs as if fully restated here.

50.    As a direct and proximate cause of the acts and omissions of the Defendants, Michael Lee Alexander, Jr. died and thereby suffered pain, medical and funeral expenses, and loss of future earnings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief from this Court:

1.    For damages in a reasonable amount to compensate Plaintiff and Michael Lee Alexander, Jr. fully for deprivation of Michael Lee Alexander, Jr.'s constitutional rights;

2.    For damages in a reasonable amount to compensate Plaintiff and Michael Lee Alexander, Jr. fully for the negligent acts of Defendants as alleged herein;

3.    For damages in a reasonable amount to compensate Plaintiff and Michael Lee Alexander, Jr. fully for physical and mental injury, lost wages, pain and suffering, loss of comfort and society, and other such compensatory damages as may be appropriate in this case;

13

4.     For attorney fees pursuant to 42 U.S.C. § 1988 and/or the

Montana Constitution.

5.     For reimbursement of costs and expenses of suit; and

6.     For all such further relief as the Court deems fair and just.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure,

Plaintiff demands a trial by jury on all claims and issues in this case.

DATED this 28th day of September, 2022.

By:    /s/ *Caitlin Boland Aarab*
Caitlin Boland Aarab
Samir F. Aarab
BOLAND AARAB PLLP
11 5th Street N, Suite 207
Great Falls, MT 59401
*Attorneys for Plaintiff*